UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KEVIN CONNERAN,<br>*individually and on behalf of all others*<br>*similarly situated,* | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No. |
| | ) |
| v. | )  JURY TRIAL DEMANDED |
| | ) |
| 1-800 CONTACTS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant 1-800 Contacts, Inc. ("1-800 Contacts" or "Defendant") hereby removes this putative class action from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Circuit Court) to the United States District Court for the Southern District of Florida. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because the putative class contains more than 100 members, minimal diversity exists, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1). Defendant hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

**I.  Proceedings to Date**

On July 8, 2022, Plaintiff Kevin Conneran ("Plaintiff") filed a putative class action complaint (the "Complaint") against Defendant in the Circuit Court.  The Complaint was served

---

[1] In removing this action to federal court, 1-800 Contacts expressly reserves—and does not in any way waive—its right to move to compel arbitration of the Plaintiff's and/or the individual putative class members' claims.

on Defendant on July 25, 2022.  In the Complaint, Plaintiff purports to assert claims against Defendant based on Florida state law.  As required by 28 U.S.C. §1446, copies of all process, pleadings, and other papers previously filed with the Circuit Court are attached hereto as follows:

| Docket from the Seventeenth Judicial Circuit as of August 15, 2022 | Exhibit A |
| Clerk's Certificate of Compliance, Dated July 8, 2022 | Exhibit B |
| Civil Cover Sheet Dated July 8, 2022 | Exhibit C |
| Complaint (eFiled) | Exhibit D |
| eSummons issuance Dated July 12, 2022 | Exhibit E |
| eSummons issuance Dated July 18, 2022 | Exhibit F |
| Return of service for 1-800 Contacts Dated August 3, 2022 | Exhibit G |

## II.    Overview of Claims Asserted and Relief Sought

Plaintiff's Class Action Complaint asserts that Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120, by making "telephonic sales calls" that involved an automated system for the selection or dialing of telephone numbers without Plaintiff's prior express written consent.  Compl. ¶¶ 13-17 and 35.  Plaintiff also seeks certification of a putative class defined as: "All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without 'prior express consent' as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021."

Plaintiff is seeking statutory damages in the amount of $500 per violation pursuant to Fla. Stat. § 501.059(10)(a).  Compl. ¶ 38; *see also* Compl. Prayer for Relief subpart (a).  Plaintiff further alleges, however, that Defendant's violation of the FTSA was willful or knowing, *id.* at ¶ 37, thereby presumptively entitling him to up to three times the ($500) statutory damages amount available under Fla. Stat. § 501.059(10)(a), for a total of $1,500 per violation.  *See* Fla. Stat. § 501.059(10)(b).  Exhibit A to Plaintiff's Complaint purports to show three text messages Plaintiff received from Defendant.  Thus, based on the facts alleged in Plaintiff's Complaint, Plaintiff is

seeking at least $4,500 in statutory damages for his own claim against Defendant, plus statutory damages for similarly situated putative class members.  Plaintiff is also seeking class-wide injunctive relief, and an award of "reasonable attorney's fees and court costs."  *See* Compl. Prayer for Relief at subparts (b)-(d).

## III.   Removal is Proper Under CAFA

This Court has original jurisdiction over this case under CAFA because this is a purported class action (Compl. ¶¶ 20-29) in which (A) the putative class has 100 or more members, (B) minimal diversity exists, and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).  Based on the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

### A.   The Putative Class Consists of at Least 100 Members

Plaintiff purports to represent all persons in the State of Florida[2] who were sent telephonic sales calls regarding Defendant's goods and/or services involving an automated system without their prior express written consent.  Compl. ¶ 20.  According to Plaintiff's Complaint, Plaintiff "believes the Class members number in the several thousands, if not more." *Id.* at ¶ 21.

---

[2] Under the FTSA, there is a rebuttable presumption that a telephonic sales call made to any area code in Florida is made to a Florida resident or to a person in Florida at the time of the call. Fla. Stat. § 501.059(8)(d).

Accordingly, the aggregate number of putative class members is greater than 100 persons for purpose of 28 U.S.C. §1332(d)(5)(B).

### B.    This Action Meets the Diversity Requirements of CAFA

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff currently resides in Florida, Compl. ¶11, and has been at all times material to his lawsuit, a resident of Florida. *Id.* at ¶ 12.  A corporation is deemed to be a citizen of every state "by which it has been incorporated and  . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  1-800 Contacts is therefore a citizen of Delaware, where it is incorporated, and Utah, where it maintains its principal place of business.  *See* Declaration of D.J. Walker, attached as Exhibit H, at ¶ 3.  Thus, since Plaintiff is a citizen of Florida, and Defendant is a citizen of Delaware and Utah, CAFA's minimal diversity requirement is satisfied.

### C.    Amount in Controversy Exceeds $5,000,000

To remove a case from state court, a defendant must plead only a "short and plaint statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); 28 U.S.C. § 1446(a).  CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the plaintiff will recover.  Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).  In addition, "the inclusion of attorney's fees in the calculation of the amount in

controversy is appropriate." *DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013).

Here, the amount in controversy "exceeds the sum or value of \$5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Plaintiff contends the "Class members number in the several thousands, if not more." Compl. ¶ 21. Plaintiff seeks statutory damages in the amount of \$500 per alleged violation, trebled to \$1,500 based on his allegation that Defendant knowingly or willfully violated the FTSA. Plaintiff's Complaint alleges at least three such violations in the form of three test messages sent to his mobile phone. *See* Compl. Ex. A. Thus, Plaintiff's own claim alone seeks at least \$4,500 in statutory damages.

As noted above, Plaintiff alleges that the putative class members number in the "several thousands, if not more." Compl. ¶ 21. The descriptor "several thousands" must be *conservatively* interpreted to refer, at a minimum, to 3,000 individuals. While Defendant denies that Plaintiff and the putative class are entitled to *any* damages, assuming there are 3,000 putative class members, and that, on average, they, like Plaintiff, purportedly received at least three text messages from Defendant willingly or knowingly sent in violation of the FTSA, the amount in controversy would be 3,000 times \$4,500, or \$13,500,000. That value *far* exceeds CAFA's amount in controversy requirement. Indeed, it would actually take far fewer than the "several thousands" of class members Plaintiff believes to exist—just 1,112 individuals, sent an average of three text messages—to exceed the \$5,000,000 minimum amount in controversy. Thus, the CAFA amount in controversy requirement is readily satisfied here. *See Lee-Bolton v. Koppers, Inc.*, F. Supp. 2d 1342, 1357 (N.D. Fla. 2011) ("there is little question that the amount in controversy for purposes of CAFA has been satisfied [based on monetary damages alone, and] [t]his . . . does not [even]

take into account that the amount of attorney's fees and te value of the claims for injunctive relief also could be factored into the calculus of determining the amount in controversy").

## IV. The Procedural Requirements for Removal Have Been Satisfied

### A. Venue

Plaintiff's lawsuit is pending in state court in Broward County, which is within this judicial district and division. *See* 28 U.S.C. § 89(c). Therefore, this Court is the proper venue for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### B. Timeliness.

This notice of removal timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). 1-800 Contacts received service of process on July 25, 2022. *See* Ex. G, and is filing this Notice within thirty (30) days of the date the Complaint was served upon it. Accordingly, this Notice of Removal is timely filed.

**CONCLUSION**

For the foregoing reasons, Defendant 1-800 Contacts, Inc. respectfully requests that this action, previously pending in the Circuit Court of the Seventeen Judicial Circuit in and for Broward County, Florida, be removed to this Court, and that this Court proceed as if these case had been originally initiated in this Court.

Dated: August 15, 2022 Respectfully submitted,

**1-800 Contacts, Inc.**

By: */s/ Michael G. Polatsek* (Fla. Bar No. 111703)

Michael G. Polatsek (Fla. Bar No. 111703)
E-Mail: mpolatsek@shb.com
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 S. Biscayne Blvd.
Miami, Florida 33131

T: (305) 358-5171

Rebecca J. Schwartz (*pro hac vice* forthcoming)
E-Mail: rschwartz@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri
T: (816) 474-6550
F: (816) 421-5547

Melissa A. Siebert (*pro hac vice* forthcoming)
E-Mail: masiebert@shb.com
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
T:  (312) 704-7700
F:  (312) 558-1195

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022 the foregoing document was served upon the

following via the Court's electronic filing system and/or mail or electronic mail:

Benjamin W. Raslavich, Esq.
Kuhn Raslavish, P.A.
2110 West Platt Street
Tampa, Florida  33606
ben@theKRfirm.com

*Attorney for Plaintiff*

*/s/ Michael G. Polatsek*_____